FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Raymond Lamar Brown

(Enter above the full name of the plaintiff in this action)

COMPLAINT

V.

Richard Smith

Jody Hirata

Alan Diaz

(Enter the full name of the defendant of defendants in this action)

Civil Action No. _____

(To be supplied by the Clerk of the Court)

RECEIVED

JUL - 8 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## INSTRUCTIONS; READ CAREFULLY

1. This complaint must be legibly handwritten or typewritten, signed by the plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any question, attach a separate sheet.

2. In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3. You must provide the full name of each defendant or defendants and where they can be found.

4. You must send the original and one copy of the complaint to the Clerk of the District Court. You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5. Upon receipt of a fee of $400.00 (a filing fee of $350.00, and an administrative fee of $50.00), your complaint will be filed. You will be responsible for service of a separate summons and copy of the complaint on each defendant. See Rule 4, Federal Rule of Civil Procedure.

6.     If you cannot prepay the $400.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis. See 28 U.S.C. §1915. (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7.     If you are given permission to proceed in forma pauperis, the $50.00 Administrative Fee will not be assessed. The Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint which you have submitted will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a.    Jurisdiction is asserted pursuant to (CHECK ONE)

   ✓ 42 U.S.C. §1983 (applies to state prisoners)

   ___ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

   If you want to assert jurisdiction under different or additional statutes, list these below:

1b.    Indicate whether you are a prisoner or other confined person as follows:

   ✓ Pretrial detainee

   ___ Civilly-committed detainee

   ___ Immigration detainee

   ___ Convicted and sentenced state prisoner

   ___ Convicted and sentenced federal prisoner

   ___ Other: (please explain)_____

2. Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

a. Parties to previous lawsuit:

Plaintiff(s): _____

_____

Defendant(s): _____

_____

b. Court and docket number: _____

c. Grounds for dismissal: ( ) frivolous  ( ) malicious

( ) failure to state a claim upon which relief may be granted

d. Approximate date of filing lawsuit: _____

e. Approximate date of disposition: _____

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3. Place of Present Confinement? _Cumberland County Department of Corrections_

4. Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

a. Name of plaintiff: _Raymond Lamar Brown_

Jody Hirata in her capacity as the Deputy County Administrator For Cumberland County. Acts and coincides with the day to day, operations at the Cumberland County Department of Corrections. Meaning she has input as to the decision making and Finalized decisions. Dealing with the Cumberland County DOC.

Address: 54 W Broad Street Bridgeton, N.J. 08302

Inmate #: 48657

b. First defendant:

Name: Richard Smith

Official position: Warden

Place of employment: Cumberland County Department of Corrections

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

Warden Smith supervised employees at the Cumberland County DOC. He was in charge of finalizing decisions within his institution. Warden Smith did nothing to prepare inmates or staff for the pandemic. Even though he was well aware of these issues, Warden Smith ordered his staff to cut back

c. Second defendant:

Name: Dr. Alan Dias

Official position: Medical physician

Place of employment: Cumberland County DOC / private Company

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

Dr. Dias was in charge of deciding who received a Covid-19 virus test. Dr. Dias repeatedly denied me of my right to know whether I have or had this deadly disease. Even after supervising a quarantine. In which I was part of on 3-23-20. After having direct contact with Shawn Archido. A inmate who was never tested even though he had direct contact. With a Gloucester County official, who tested positive!

d. If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

5. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

   ✓ Yes     ___ No

   If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

   Yes I submitted requests as well as Grievances. Grievances which were never answered or returned to me. I also spoke with J. A. Halfmen, who assured me that my grievances would be returned to me. As of yet to be done.

   If your answer is "No," briefly explain why administrative remedies were not exhausted.

   _____
   _____
   _____
   _____

6. Statement of Claims

   (State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

   On 3-23-20 I as well as the entire D-pod was placed on quarantine Do to us having direct contact with Shawn Archie. A inmate in which I was advised by H.S.A Kristina Smith and DON Sergio Marquez, who told myself and the rest of the pod. That Mr. Archie had tested positive for the COVID-19 virus. Which was a lie. Do to the fact that one. Mr. Archie has never been tested for the virus. So this clearly contradicts the reasoning for me being quarantined. After being on quarantine

Continued

5. on giving out hygiene supplies. Such as soap, toothpaste, toothbrush. Hand sanitizers etc. Warden Smith violated my due process rights, as a pretrial detainee. As I am presumed to be innocent, when he recklessly failed to act with reasonable care to mitigate the risk of a condition that he "knew, or should have known" posed an excessive risk to health or safety. Warden Smith also violated my Eighth Amendment by acting with deliberate indifference to an unreasonable risk of serious damage" to a post-conviction detainee's health.

From 3-23-20 to 3-30-20. Each day I asked to be tested for the COVID-19 virus. And each time. I was denied by staff. Stating I did not meet the criteria. On 3-30-20 myself as well as the entire D-pod. Were moved to C-pod directly where Mr. Archie was being quarantined at. The same day after what staff advised we were moved back to D-pod after it had been cleaned. During which time staff C.O. Gross realized that staff had moved Mr. Archie back to D-pod with us. At which time they made him pack back up. And moved him back to C-pod. After being quarantined I wrote numerous complaints. Some directly to Warden Smith. Which none were ever responded to. To make matters even worse. I was moved at a later date. To another part of the jail. Known as F Dorm. Where again to disprove Warden Smith's statements to the press. I was exposed to the COVID-19 virus. Again on June 7, 2020 when an inmate tested positive. Do to having direct contact with Chaver Mills, who was tested on June 8, 2020. I was tested and on June 10, 2020. Medical staff stated that I passed. This time I was only on quarantine for 3 days. Mills was the reason why E dorm was on quarantine. It is alledged that Mills already had the Corona virus. But do to Warden Smith and medical refusing to acknowledge Mr. Mills being sick and testing him. For the virus. My life and health was put in jeopardy again. Warden Smith deliberately submitted false certifications. Stating that no one in the Cumberland County DOC had the virus. Or symptoms for the COVID-19. This is wreakless disregard for my safety. As well as deliberate indifference to the safety well being of inmates and staff

7. Relief

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

I was first ask that all staff involved with the deliberate indifference to lives in the Cumberland County DOC. Be disaplended accordingly. Order the jail to supply all necessary sanitizers and supplies to help prevent the spread of this virus

~~[redacted]~~ That I was senselessly quarantined. Being refused a COVID-19 test the first time. The second quarantine being only quarantined for 3 days. Being given antibiotics. Being tested, told that my test results were negative. But denied to receive the results.

8. Do you request a jury or non-jury trial? (Check only one)

(✓) Jury Trial ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 29 day of June, 2020

*Raymond Brown*

Signature of plaintiff*

(*EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF. REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).