[D.I. 15]
[D.I. 18]
[D.I. 19]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RAYMOND LAMAR BROWN, <br><br>           Plaintiff, <br><br>     v. <br><br> RICHARD SMITH, et al., <br><br>           Defendants. | Civil No. 20-8463 (NLH/AMD) |

**ORDER**

This matter comes before the Court by way of motion [D.I. 15] of Defendant Dr. Alan Dias and by way of separate motion [D.I. 18] of Defendants Richard Smith and Jody Hirata, both seeking dismissal of the complaint filed by Plaintiff *Pro Se* Raymond Lamar Brown (hereinafter, "Plaintiff") for Plaintiff's alleged failure to apprise the Court and all parties of a change in his address pursuant to Local Civil Rule 10.1(a) and for failure to prosecute pursuant to Federal Civil Rule of Civil Procedure 41(b). Plaintiff filed opposition to the motions [D.I. 19] and also requests appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). (*See* Letter from Plaintiff (hereinafter, "Pl.'s Mot.") [D.I. 19].) Defendant Dias filed a

1

reply to the motion to dismiss [D.I. 20] and opposition to the motion to appoint counsel [D.I. 21]. The Court has considered the submissions of the parties and decides this matter pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth herein, the motions to dismiss filed by Defendants Dias, Smith and Hirata are denied without prejudice, and Plaintiff's motion for the appointment of *pro bono* counsel is also denied without prejudice.

On July 8, 2020, Plaintiff submitted his initial complaint and an application to proceed *in forma pauperis*. (*See* Complaint [D.I. 1]; Application to Proceed *in Forma Pauperis* [D.I. 1-1].) By Order of the District Court dated July 8, 2020, Plaintiff was granted leave to proceed *in forma pauperis*. (*See* Order [D.I. 2], July 8, 2020.) Thereafter, on July 22, 2020, the District Court issued an Order permitting the complaint to proceed past *sua sponte* dismissal. (*See* Order [D.I. 3], July 22, 2020.) Plaintiff filed a motion [D.I. 5] for appointment of counsel on August 5, 2020, which this Court denied without prejudice by Order dated September 15, 2020 on the grounds that the motion was premature, as the defendants had not yet been served or responded to the complaint, and also failed to address the factors set forth in *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994). (Order [D.I. 8], Sept. 15, 2020.) Defendant Dias thereafter filed an answer to

2

the complaint [D.I. 10] on October 7, 2020, and Defendants Smith and Hirata filed an answer [D.I. 14] on December 2, 2020.

In support of Defendant Dias' motion to dismiss, defense counsel represents that he sent discovery requests to Plaintiff on October 7, 2020, yet Plaintiff to date has failed to provide responses to such requests. (Certification of Jeffrey S. McClain, Esquire (hereinafter, "McClain Cert.") [D.I. 15-2], Dec. 19, 2020, p. 2, ¶¶ 12, 14.) Defendant Dias notes that according to the offender search engine operated by the New Jersey Department of Corrections, Plaintiff was admitted to the care, custody and control of the New Jersey Department of Corrections on October 22, 2020 and was released on November 5, 2020. (*Id.* at pp. 2-3, ¶ 15.) Counsel for Defendants Smith and Hirata similarly represents that the New Jersey Department of Corrections offender search engine demonstrates that Plaintiff was released from custody on November 5, 2020. (Certification of James R. Birchmeier, Esquire (hereinafter, "Birchmeier Cert.") [D.I. 18-1], Dec. 29, 2020, p. 2, ¶ 13.) Defendants note that Plaintiff has not filed a change of address on the docket, and they ask that the case be dismissed pursuant to Local Civil Rule 10.1(a). (*See* McClain Cert., p. 1, ¶ 2; Birchmeier Cert, pp. 2-3, ¶¶ 14-16). In addition, Defendants contend that the case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) because the parties cannot conduct

3

discovery, and the case cannot therefore proceed, without knowledge of Plaintiff's location. (McClain Cert., p. 3, ¶ 17; Birchmeier Cert., p. 3, ¶ 18.)

On January 12, 2021, Plaintiff filed a letter [D.I. 19] disputing the representations of defense counsel that Plaintiff is no longer incarcerated. Plaintiff states that he has been housed in the Cumberland County Jail since February 25, 2020. (Pl.'s Mot. [D.I. 19].) It also appears that Plaintiff has received mail sent to him by defense counsel at the address listed on the docket, as he states that he "keep[s] receiving letters from the Defendants['] Attorneys." (*Id.*)

In reply, by letter dated January 18, 2021, counsel for Defendant Dias represents that "there has been confusion concerning [Plaintiff's] location since he has not responded to discovery requests and the New Jersey Department of Corrections inmate search engine has listed him as released from custody." (Letter from Jeffrey S. McClain, Esquire [D.I. 20], Jan. 18, 2021.) Counsel further represents that he was "unaware that [Plaintiff] remains detained[,]" but counsel does not withdraw the motion to dismiss. (*Id.*) Instead, counsel notes that Plaintiff "has not responded to discovery in this matter and has not responded to the motion to dismiss regarding this failure." (*Id.*) Defendant Dias also submitted a brief in opposition to the motion for appointment of counsel, in which he argues that

Plaintiff does not address the factors set forth in *Tabron v. Grace* and that analysis of such factors weighs against appointment of counsel. (Letter from Jeffrey S. McClain, Esquire [D.I. 21], Jan. 18, 2021.)

The Court first addresses Defendants' motions to dismiss based upon Plaintiff's alleged failure to apprise the Court of a change of address. Local Civil Rule 10.1(a) provides in relevant part that "unrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk" and that "[f]ailure to file a notice of address change may result in the imposition of sanctions by the Court." L. Civ. R. 10.1(a). Here, the Court notes Plaintiff's representation that he remains incarcerated at the Cumberland County Jail – the address listed on the docket – and it appears that he has received mail from Defendants at such address. Indeed, counsel for Defendant Dias indicates that mail sent to Plaintiff at the address listed on the docket has not been returned as undelivered. (McClain Cert., p. 2, ¶ 13.) Further, as noted above, counsel for Defendant Dias acknowledges that there was "confusion" regarding Plaintiff's location and that counsel was unaware at the time he filed the motion to dismiss that Plaintiff "remains detained." (Letter from Jeffrey S. McClain, Esquire [D.I. 20], Jan. 18, 2021.) Because Defendants'

5

motions are predicated on the erroneous premise that Plaintiff no longer resides at the Cumberland County Jail and failed to advise the Court or the parties of a change in his address,[1] the Court denies the motions to the extent they seek dismissal for an alleged failure to comply with Local Civil Rule 10.1(a).

Turning to Defendants' requests for dismissal based upon Plaintiff's alleged failure to prosecute this case, Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Defendants fail to demonstrate that Plaintiff has not prosecuted the case. While Defendants contend that they will be unable to conduct discovery if they do not know Plaintiff's whereabouts, Plaintiff has confirmed to the Court and all parties that he remains at the address identified on the docket. Moreover, although Plaintiff has not yet responded to Defendant Dias' discovery requests, which were mailed on October 7, 2020, such failure does not constitute a

---

[1] Although defense counsel states that the New Jersey Department of Corrections offender search engine indicates that Plaintiff was released from the custody of the State Department of Corrections on November 5, 2020, Plaintiff explains that he has been in the custody of the Cumberland County Department of Corrections since the inception of this litigation. He states that he was sentenced on October 19, 2020 and signed a "max paper" at the front window of the Cumberland County Jail on October 31, 2020, but he never left facility and continues to be in custody there. (Pl.'s Mot. [D.I. 19].)

6

lack of diligence sufficient to warrant dismissal at this time.[2] Plaintiff responded to the motions to dismiss, and it appears in light of such filing that he intends to prosecute his claims in this case. The motions to dismiss are therefore denied without prejudice.[3]

The Court next addresses Plaintiff's renewed request for the appointment of counsel. As set forth in the September 15, 2020 Order, "'[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel.'" (Order [D.I. 8], Sept. 15, 2020, p. 2)(quoting *Montgomery v.*

---

[2] As counsel for Defendant Dias states in his letter dated January 18, 2021 [D.I. 20], Plaintiff provides no explanation for his failure to respond to Defendant Dias' outstanding discovery requests. The Court will direct Plaintiff to respond to such discovery requests within thirty days.

[3] In the present motions, Defendants seek dismissal of the complaint without prejudice. In the event Plaintiff fails to proceed with discovery or otherwise participate in this litigation, Defendants may file a renewed motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). To the extent Defendants seek dismissal with prejudice as a sanction, any such application must address the factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984). *See Roy v. Trident Ins. Agency*, Civil No. 14-6369, 2015 WL 5822783, at *1 (D.N.J. Oct. 2, 2015) ("Generally, when deciding whether to dismiss a case for a plaintiff's failure to prosecute, the Court must consider the six factors set forth in *Poulis*[.]"). The factors to be considered are (i) the extent of the party's personal responsibility; (ii) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (iii) a history of dilatoriness; (iv) whether the conduct of the party or the attorney was willful or in bad faith; (v) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (vi) the meritoriousness of the claim or defense. *Id.* (citing *Poulis*, 747 F.2d at 868).

7

*Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)). The Court may request an attorney to represent an indigent party in a civil action if "an analysis of the factors governing the appointment of *pro bono* counsel warrant such appointment." (*Id.*)(citing *Tabron*, 6 F.3d at 155). These factors include "(i) Plaintiff's specific claims against Defendants, including facts and a legal basis upon which his contentions are based; (ii) specific reasons why Plaintiff is unable to present an effective case without an attorney; (iii) what investigation, if any, Plaintiff will be unable to accomplish in the preparation of this case; (iv) the difficulty of the legal issues at hand; (v) whether the case will turn on credibility determinations; (vi) whether expert testimony will be necessary; and (vii) Plaintiff's ability to retain and afford counsel." (*Id.* at p. 3) (citing *Tabron*, 6 F.3d at 156-57).

In support of his request for appointment of counsel, Plaintiff states only that he does not have access to a law library and has received letters from defense counsel. (Pl.'s Mot. [D.I. 19].) The Court previously indicated that any renewed application for *pro bono* counsel must address the *Tabron* factors *with specificity*. (Order [D.I. 8], Sept. 15, 2020, p. 3.) As noted by Defendant Dias, Plaintiff's present submission does not provide sufficient information for the Court to conduct an

8

analysis of the *Tabron* factors.[4] Accordingly, the Court again denies the request for appointment of counsel, without prejudice to Plaintiff's right to file a renewed application addressing the factors set forth in *Tabron.*

Consequently, for the reasons set forth herein, and for good cause shown:

IT IS on this **21st** day of **January 2021**,

**ORDERED** that the motions [D.I. 15, 18] filed by Defendant Dias and Defendants Smith and Hirata to dismiss for failure to prosecute shall be, and are hereby, **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's application for the appointment of *pro bono* counsel [D.I. 19], shall be, and is hereby, **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff shall respond to the written discovery requests served by Defendant Dias within thirty (30) days of the date of this Order. Compliance with this directive

---

[4] Defendant Dias argues that Plaintiff fails to demonstrate that Plaintiff is unable to afford counsel or that his claims have some merit in fact and law. (Letter from Jeffrey S. McClain, Esq. [D.I. 21], Jan. 18, 2021, pp. 2-3.) Plaintiff has been granted leave to proceed *in forma pauperis* (*see* Order [D.I. 2], July 8, 2020), thereby demonstrating an inability to afford counsel. Moreover, because the District Court permitted the complaint to proceed past *sua sponte* dismissal (*see* Order [D.I. 3], July 22, 2020), the Court need not address whether the complaint meets the threshold showing of merit for purposes of determining whether the case warrants appointment of counsel. Instead, the Court will evaluate any future application for counsel in accordance with the *Tabron* factors.

9

is required and failure to comply may result in the imposition of sanctions, including an order dismissing the case.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Noel L. Hillman