```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RAYMOND LAMAR BROWN, | 1:20-cv-8463 (NLH) (SAK) |
| Plaintiff, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| RICHARD SMITH, et al., | |
| Defendants. | |

**APPEARANCES**:

Raymond Lamar Brown
48657
Cumberland County Jail
54 W. Broad St.
Bridgeton, NJ 08302

    Plaintiff pro se

Stephen D. Holtzman, Esq.
Jeffrey S. McClain, Esq.
Holtzman McClain & Londar, PC
524 Maple Avenue
Suite 200
Linwood, NJ 08221

    Attorneys for Defendant Dr. Alan Dias

**HILLMAN**, District Judge

    WHEREAS, Plaintiff Raymond Lamar Brown is proceeding pro se in this complaint under 42 U.S.C. § 1983,[1] see ECF No. 1; and

---

[1] Plaintiff is also participating in a related proposed class action, Brown v. Warren, No. 20-7907, and is represented by counsel in that action. That appointment of counsel does not extend to this civil action.

WHEREAS, Defendants moved to dismiss the complaint under Local Civil Rule 10.1 and Federal Rule of Civil Procedure 41(b). ECF Nos. 15 & 18. The Honorable Ann M. Donio denied the motions without prejudice. ECF No. 22.[2] Judge Donio noted that "[i]n the event Plaintiff fails to proceed with discovery or otherwise participate in this litigation, Defendants may file a renewed motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b)." Id.; and

WHEREAS, Defendant Alan Dias filed a second motion to dismiss the complaint on April 17, 2021. ECF No. 24. Defendant asserts Plaintiff failed to participate in discovery and seeks dismissal under Federal Rule of Civil Procedure 41(b), Id.; and

WHEREAS, Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Before a Court may dismiss a complaint for failure to prosecute, it must analyze the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984); and

WHEREAS, Judge Donio notified Defendant of the requirement to address the Poulis factors in any subsequent motion to dismiss, ECF No. 22 at 7 n.3; and

---

[2] This matter was subsequently reassigned to the Honorable Sharon A. King.

WHEREAS, Defendant does not address the Poulis factors in his motion,

THEREFORE, IT IS on this ___7th___ day of May, 2021

ORDERED that the Clerk shall adjourn the motion to dismiss, ECF No. 24, to June 7, 2021; and it is further

ORDERED that Defendant shall supplement the motion to dismiss and serve Plaintiff with a brief that addresses the Poulis factors by May 14, 2021; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular first-class mail.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.