UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                  :
RAYMOND LAMAR BROWN,              :
                                  :
        Plaintiff,               :   Civ. No. 20-8463 (NLH) (SAK)
                                  :
     v.                          :   OPINION
                                  :
                                  :
RICHARD SMITH, et al,            :
                                  :
        Defendants.              :
_____:

APPEARANCES:

Raymond Lamar Brown
48657
Cumberland County Jail
54 W. Broad St.
Bridgeton, NJ 08302

        Plaintiff pro se

James R. Birchmeier, Esq.
Birchmeier & Powell LLC
1891 State Highway 50
PO Box 582
Tuckahoe, NJ 08250-0582

        Counsel for Defendants Richard Smith and Jody Hirata

Stephen D. Holtzman, Esq.
Jeffrey S. McClain, Esq.
Holtzman McClain & Londar, PC
524 Maple Avenue
Suite 200
Linwood, NJ 08221

        Counsel for Defendant Dr. Alan Dias

HILLMAN, District Judge

Defendants Dr. Alan Dias, Jody Hirata, and Richard Smith (collectively "Defendants") move to dismiss Plaintiff Raymond Brown's complaint for lack of prosecution.  ECF Nos. 24, 27. Plaintiff opposes the motions.  ECF No. 28.  For the reasons that follow, the Court will deny the motions to dismiss.

I.   BACKGROUND

In July 2020, Plaintiff filed a pro se complaint under 42 U.S.C. § 1983 against Defendants alleging that they created unconstitutional conditions of confinement and provided inadequate medical treatment at Cumberland County Jail during the coronavirus COVID-19 pandemic.  ECF No. 1.  This Court permitted the complaint to proceed.  ECF No. 3.  Defendants subsequently answered the complaint.  ECF Nos. 10, 14.

Dr. Dias states he sent Plaintiff discovery demands on October 7, 2020.  ECF No. 24-2 at 1.  Dr. Dias moved for dismissal of the complaint on December 19, 2020 after Plaintiff did not respond to discovery requests.  ECF No. 15.  Defendants Smith and Hirata also moved to dismiss the complaint based on Plaintiff's alleged non-compliance with their discovery demands. ECF No. 18.  Magistrate Judge Donio denied the motions without prejudice on January 21, 2021.[1]  ECF No. 22.  Judge Donio

---

[1] Magistrate Judge King was later substituted for Judge Donio.

directed Plaintiff to answer the discovery demands within 30 days and noted that "[i]n the event Plaintiff fails to proceed with discovery or otherwise participate in this litigation, Defendants may file a renewed motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b)."  Id.

On April 17, 2021, Dr. Dias filed his second motion to dismiss the complaint for lack of prosecution.  ECF No. 24.  He asserts that "[a]s of the date of this motion, the discovery requests – interrogatories, notice to produce documents, statement of damages, HIPAA-complaint releases for records – have not been responded to by Plaintiff Raymond Lamar Brown." ECF No. 24-2 at 2.  He states this violates Judge Donio's order and "Defendant Dias has been and will be unable to complete factual and expert discovery in this matter."  Id. at 3.  The Court ordered Dr. Dias to supplement his motion to dismiss with a discussion of the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984).  ECF No. 25.  After Dr. Dias submitted his supplement, ECF No. 26, Defendants Hirata and Smith filed their second motion to dismiss for lack of prosecution, ECF No. 27.  They supplemented their motion with the Poulis factors.  ECF No. 31..

II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal is appropriate "[f]or failure of the

3

plaintiff to prosecute or to comply with these rules or any order of the court[.]"  A district court should consider six factors when determining whether to dismiss a case under Rule 41(b).  Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The relevant factors are:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure
> to meet scheduling orders and respond to discovery; (3)
> a history of dilatoriness; (4) whether the conduct of
> the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal,
> which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

Id. (emphasis omitted).  "None of the Poulis factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution."  Hildebrand v. Allegheny Cty., 923 F.3d 128, 132 (3d Cir. 2019).

III. DISCUSSION

Defendants move to dismiss Plaintiff's complaint on the grounds that he has failed to comply with discovery deadlines. Plaintiff opposes the motion on the grounds that he fell ill with COVID-19 in the beginning of February 2021.  ECF No. 28 at 1.  His legal papers were lost when he was taken to quarantine.

<u>Id.</u>  He states that he is able to participate in discovery now

that his related class action is completed.  <u>Id.</u>[2]

A.   The Extent of the Party's Personal Responsibility

The ultimate responsibility to make sure the case is

progressing belongs to Plaintiff.  <u>See</u> <u>Briscoe v. Klaus</u>, 538

F.3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a pro se

plaintiff personally responsible for delays in his case because

a pro se plaintiff is solely responsible for the progress of his

case . . . .").  Plaintiff concedes he received the discovery

requests from Defendants and did not respond to them.

Plaintiff's COVID-19 diagnosis in February 2021 may justify

a brief delay after Judge Donio denied the first set of motions

to dismiss in late January 2021, but it does not explain why he

did not respond after the first set of discovery demands in

October 2020 or why he did not respond upon recovering from

COVID-19.  The Court concludes this factor weighs in favor of

dismissal.

B.   The Prejudice to the Adversary

The second <u>Poulis</u> factor requires the Court to consider the

prejudice to the adversary.  This factor weighs against

dismissal.  "[P]rejudice is not limited to 'irremediable' or

---

[2] Plaintiff is also participating in a related proposed class
action, <u>Brown v. Warren</u>, No. 20-7907, and is represented by
counsel in that action.

'irreparable' harm.  It also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'"  Briscoe, 538 F.3d at 259 (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)).

Defendants assert they have been harmed by Plaintiff's failure to respond promptly in October 2020 because the delay prevented them from "the ability to adequately investigate, address and evaluate the allegations set forth in his Complaint."  ECF No. 31 at 2.  See also ECF No. 26 at 3 (stating Dr. Dias has been prejudiced because he "has been and will be unable to complete factual discovery (including a deposition of Plaintiff and potential witnesses) and expert discovery in this matter.").  However, Defendants fail to note that a significant amount of discovery has taken place in Plaintiff's related class action, Brown v. Warren, No. 20-7907.

This Court took several weeks' worth of testimony from Cumberland County Jail employees and detainees as to the conditions at the facility.  Defendants cannot credibly claim that a moderate delay in discovery has impeded their ability to assess Plaintiff's case when he testified under oath and subject to cross-examination on issues related to this complaint.  Brown, No. 20-7907 (Apr. 21, 2021, ECF No. 35).  The Court considers this factor to weigh against dismissal.

C.   History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund, 29 F.3d 863, 875 (3d Cir. 1994). Plaintiff's non-response to Defendants' discovery requests even after being instructed to respond by Judge Donio "weighs toward, but does not mandate, dismissal." Id.

D.   Willfulness or Bad Faith

There are no facts to warrant an inference of bad faith or willfulness. "Willfulness involves intentional or self-serving behavior." Id. Conduct that is "merely negligent or inadvertent" is not "contumacious," Briscoe v. Klaus, 538 F.3d 252, 262 (3d Cir. 2008), and the "absence of a good faith effort to prosecute . . . does not necessarily amount to willfulness or bad faith as [the Third Circuit] has defined it." Adams, 29 F.3d at 876. While Plaintiff may be negligent, that is not enough to meet the Poulis standard of willfulness. The Court weighs this factor in Plaintiff's favor.

E.   Effectiveness of Other Sanctions

As dismissal with prejudice is an extreme sanction, the fifth Poulis factor requires the Court to consider the effectiveness of alternative sanctions. Plaintiff is proceeding pro se and in forma pauperis, therefore monetary sanctions would

not be an effective alternative.  See Briscoe, 538 F.3d at 262

citing Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir.

2002)).  However, the Court is not convinced that no effective

lesser sanctions are available.

The Third Circuit has "repeatedly acknowledged that

dismissals with prejudice or defaults are drastic sanctions that

must be a sanction of last, not first, resort."  Hildebrand v.

Allegheny Cty., 923 F.3d 128, 132 (3d Cir. 2019) (internal

quotation marks and citations omitted).  The Court has a variety

of evidentiary sanctions available if Plaintiff's delay can be

shown to have actually impeded Defendants' ability to prepare

their defenses.  At this relatively early stage of the

litigation, the Court concludes there are alternative sanctions

to dismissal; therefore, this factor strongly weighs against

dismissal.

F.   Meritoriousness of the Claims

Finally, the Court considers the meritoriousness of the

Plaintiffs' claims.  "Generally, in determining whether a

plaintiff's claim is meritorious, we use the standard for a Rule

12(b)(6) motion to dismiss for failure to state a claim."

Briscoe, 538 F.3d at 263.

This Court screened the complaint under 28 U.S.C. § 1915

and permitted it to proceed.  ECF No. 3.  Moreover, testimony

and other evidence introduced in the related class action

suggest Plaintiff may have a meritorious claim.  While no final determination has been made in that case concerning the merits of the equitable relief sought, the Court recently approved a consent Order appoint a Special Master to help the Court address serious issues raised concerning the operation of the jail during the Pandemic.  Under such circumstances Plaintiff has satisfied the "moderate" standard set forth in the case law. See Adams, 29 F.3d at 876.  The Court concludes this factor weighs against dismissal.

G.   Balancing

Two of the Poulis factors weigh in favor of dismissal and four weigh against dismissal.  The number of factors is not dispositive of the outcome as "there is no 'magic formula' or 'mechanical calculation'" of the factors, Hildebrand, 923 F.3d at 137, but the Court concludes the factors against dismissal heavily outweigh those in favor.

The Court gives great weight to the strong preference for potentially meritorious claims to be decided on their merits and the fact that alternative sanctions are available.  The minimal prejudice to Defendants and the absence of a showing of bad faith also strongly support the complaint remaining active. Plaintiff's responsibility for the delay is minimal in comparison, especially considering the relatively short history of delay.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, Defendants' motions to dismiss the complaint for lack of prosecution will be denied. An appropriate Order follows.

Dated: <u>  June 11, 2021  </u>              <u>  s/ Noel L. Hillman  </u>
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.