IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAYMOND LAMAR BROWN, | : | Civil Action No. 1:20-cv-08463- |
| | : | NLH-AMD |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **AMENDED COMPLAINT** |
| CUMBERLAND COUNTY NEW | : | |
| JERSEY; CFG HEALTH SYSTEMS, | : | |
| LLC; RICHARD SMITH, individually | : | |
| and in his official capacity as Warden, | : | **JURY TRIAL DEMANDED** |
| Cumberland County Dep't. of | : | |
| Corrections; CHARLES WARREN, | : | |
| individually and in his official capacity | : | |
| as Deputy Warden, Cumberland | : | |
| County Dep't. of Corrections; | : | |
| EUGENE J. CALDWELL, II, | : | |
| individually and in his official capacity | : | |
| as Warden, Cumberland County Dep't. | : | |
| of Corrections; JODY HIRATA, in her | : | |
| official capacity as Deputy County | : | |
| Administrator; DR. ALAN DIAS, | : | |
| individually and in his official capacity | : | |
| as a Medical Physician, Cumberland | : | |
| County Dep't. of Corrections; | : | |
| KRISTINA SMITH, individually and | : | |
| in her official capacity as Medical | : | |
| Director, Cumberland County Dep't. of | : | |
| Corrections; LOREN JOYNES, | : | |
| individually and in his official capacity | : | |
| as Operations Captain; JOHN DOE | : | |
| NOS. 1 through 9, each individually | | |
| and in their official capacities, | | |
| | | |
| Defendants. | | |

## AMENDED COMPLAINT

Plaintiff Raymond Lamar Brown, in the custody of the Cumberland County Department of Corrections ("CCDOC") at the Cumberland County Jail, by and through his attorneys, Faegre Drinker Biddle & Reath LLP, hereby brings this Amended Complaint under 42 U.S.C. §§ 1983 and 1988 against Cumberland County New Jersey, CFG Health Systems, LLC, Richard Smith, individually and in his official capacity as Warden, CCDOC, Charles Warren, individually and in his official capacity as Deputy Warden, CCDOC, Eugene J. Caldwell, II, individually and in his official capacity as Warden, CCDOC, Jody Hirata, in her official capacity as Deputy County Administrator, Dr. Alan Dias, individually and in his official capacity as a Medical Physician, CCDOC, Kristina Smith, individually and in her official capacity as Medical Director, CCDOC, Loren Joynes, individually and in his official capacity as Operations Captain, and John Doe Nos. 1 through 9, each individually and in their official capacities (collectively, "Defendants"), for violations of his constitutionally protected rights under the First Amendment of the United States Constitution and Article I of the New Jersey Constitution, as well as negligent and intentional infliction of emotional distress under New Jersey's common law. For substantially all times relevant, either Richard Smith, Charles Warren, or Eugene J. Caldwell, II was the Warden of the Cumberland Jail, and upon

information and belief, engaged in all conduct, acts, and omissions alleged herein as against the Defendants.

## <u>NATURE OF THE ACTION</u>

1.      Because Plaintiff filed a class action lawsuit against Cumberland County New Jersey and many of the employees of the CCDOC in connection with their handling, or lack thereof, of the COVID-19 pandemic during his incarceration at the Cumberland County Jail, Cumberland County, State of New Jersey, Plaintiff was maliciously and unjustifiably retaliated against numerous times and in numerous ways, including, but not limited to, (1) being purposefully transferred to another location in the jail to separate him from his class action co-plaintiffs, (2) being provided a nutritionally inadequate diet despite a diagnosed medical condition, which has resulted in his suffering increasingly high blood pressure, swelling of the feet, and headaches, (3) receiving excessive punishment by being placed in the "hole" for a minor infraction, and (4) being denied adequate medical care.  Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988, for the violation of his constitutional rights and seeks nominal, compensatory and/or consequential, and punitive damages, declaratory and injunctive relief, attorneys' fees and costs, and such other relief as this Court deems just and proper.

## PARTIES

2.     Plaintiff Raymond Lamar Brown ("Plaintiff") is an adult individual who currently resides at Cumberland County Jail, 54 W. Broad Street, Bridgeton, New Jersey, 08302.  At all relevant times, Plaintiff was a resident and citizen of the State of New Jersey.

3.     Upon information and belief, Defendant Cumberland County New Jersey is governed by a Board of County Commissioners and is a local government entity within the State of New Jersey.  As a local entity, Cumberland County New Jersey is a "person" within the scope of the Civil Rights Act, 42 U.S.C. § 1983.

4.     Upon information and belief, Defendant CFG Health Systems, LLC is the private company that has contracted to provide the inmates, including Plaintiff, in the Cumberland County Jail with medical services.  As such, upon information and belief, CFG Health Systems, LLC is responsible for providing adequate medical services to Cumberland County Jail inmates, including Plaintiff.

5.     Defendant Richard Smith ("Smith") is sued in both his individual and official capacities as the former Warden, CCDOC.  Upon information and belief, Defendant Smith, acting under color of state law, was responsible for, among other things, the development, implementation, and administration of all correctional programs within the Cumberland County Jail.  He was also responsible for the proper functioning of the facilities under his command, which responsibilities

included ensuring that each inmate was afforded his or her constitutional and civil rights.  Upon information and belief, it is further alleged that there was an official custom of retaliation in place at the CCDOC and/or Cumberland County Jail to punish inmates, such as Plaintiff, who used their First Amendment rights to speak out against the CCDOC and/or Cumberland County Jail.

6.      Defendant Charles Warren ("Warren") is sued in both his individual and official capacities as the former Deputy Warden, CCDOC.  Upon information and belief, Defendant Warren, acting under color of state law, was responsible for, among other things, the development, implementation, and administration of all correctional programs within the Cumberland County Jail.  He was also responsible for the proper functioning of the facilities under his command, which responsibilities included ensuring that each inmate was afforded his or her constitutional and civil rights.  Upon information and belief, it is further alleged that there was an official custom of retaliation in place at the CCDOC and/or Cumberland County Jail to punish inmates, such as Plaintiff, who used their First Amendment rights to speak out against the CCDOC and/or Cumberland County Jail.

7.      Defendant Eugene J. Caldwell, II ("Caldwell") is sued in both his individual and official capacities as the current Warden, CCDOC.  Upon information and belief, Defendant Caldwell, acting under color of state law, was

responsible for, among other things, the development, implementation, and administration of all correctional programs within the Cumberland County Jail.  He was also responsible for the proper functioning of the facilities under his command, which responsibilities included ensuring that each inmate was afforded his or her constitutional and civil rights.  Upon information and belief, it is further alleged that there was an official custom of retaliation in place at the CCDOC and/or Cumberland County Jail to punish inmates, such as Plaintiff, who used their First Amendment rights to speak out against the CCDOC and/or Cumberland County Jail.

8.      Defendant Jody Hirata ("Hirata") is sued in her official capacity as the Deputy County Administrator, Cumberland County New Jersey.  Upon information and belief, Defendant Hirata, acting under color of state law, was responsible for, among other things, the development, implementation, and administration of programs within the Cumberland County Jail.  She was also responsible for proper oversight of the departments and facilities in Cumberland County New Jersey under her command, which responsibilities included ensuring that each Cumberland County Jail inmate was afforded his or her constitutional and civil rights.  Upon information and belief, it is further alleged that there was an official custom of retaliation in place at the CCDOC and/or Cumberland County

Jail to punish inmates, such as Plaintiff, who used their First Amendment rights to speak out against the CCDOC and/or Cumberland County Jail.

9.      Defendant Dr. Alan Dias ("Dias") is sued in both his individual and official capacities as a Medical Physician formerly employed by and/or contracted with the CCDOC.  Upon information and belief, Defendant Dias, acting under color of state law, was responsible for, among other things, the development, implementation, and administration of medical, dietary, and/or nutritional programs within the Cumberland County Jail.  He was also responsible for overseeing the proper functioning of the medical department and/or staff under his command, which responsibilities included ensuring that each inmate was afforded his or her constitutional and civil rights.  Upon information and belief, it is further alleged that there was an official custom of retaliation in place at the CCDOC and/or Cumberland County Jail to punish inmates, such as Plaintiff, who used their First Amendment rights to speak out against the CCDOC and/or Cumberland County Jail.

10.      Defendant Kristina Smith ("K. Smith") is sued in both her individual and official capacities as Medical Director, CCDOC.  Upon information and belief, Defendant K. Smith, acting under color of state law, was responsible for, among other things, the development, implementation, and administrator of medical, dietary, and/or nutritional programs within the Cumberland County Jail.  She was

also responsible for overseeing the proper functioning of the medical department and/or staff under her command, which responsibilities included ensuring that each inmate was afforded his or her constitutional and civil rights.  Upon information and belief, it is further alleged that there was an official custom of retaliation in place at the CCDOC and/or Cumberland County Jail to punish inmates, such as Plaintiff, who used their First Amendment rights to speak out against the CCDOC and/or Cumberland County Jail.

11.     Defendant Loren Joynes ("Joynes") is sued in both his individual and official capacities as the Operations Captain for the CCDOC and/or Cumberland County Jail and works at Cumberland County Jail located at 54 W. Broad Street, Bridgeton, New Jersey, 08302.  Upon information and belief, Defendant Joynes acted under color of state law with respect to his actions and inactions complained of herein.  Upon information and belief, it is further alleged that there was an official custom of retaliation in place at the CCDOC and/or Cumberland County Jail to punish inmates, such as Plaintiff, who used their First Amendment rights to speak out against the CCDOC and/or Cumberland County Jail.

12.     Upon information and belief, Defendant John Doe No. 1 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contractor of, or an agent of the CCDOC and/or Cumberland County

Jail.  Upon further information and belief, Defendant John Doe No. 1 is the individual responsible for all Cumberland County Jail inmate medical decisions.

13.   Upon information and belief, Defendant John Doe No. 2 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contractor of, or an agent of the CCDOC and/or Cumberland County Jail.  Upon further information and belief, Defendant John Doe No. 2 is the individual responsible for all Cumberland County Jail inmate dietary and/or nutritional decisions.

14.   Upon information and belief, Defendant John Doe No. 3 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contractor of, or an agent of the CCDOC and/or Cumberland County Jail.  Upon further information and belief, Defendant John Doe No. 3 is the private company that has contracted to provide the inmates, including Plaintiff, in the Cumberland County Jail with dietary, nutritional, and/or food services.  As such, upon information and belief, Defendant John Doe No. 3 is responsible for providing adequate dietary and nutritional services to Cumberland County Jail inmates, including Plaintiff.

15.   Upon information and belief, Defendant John Doe No. 4 is a New Jersey resident who was, at all times relevant to this action, employed by, an

9

independent contract of, or an agent of the CCDOC and/or Cumberland County Jail.

16.     Upon information and belief, Defendant John Doe No. 5 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contract of, or an agent of the CCDOC and/or Cumberland County Jail.

17.     Upon information and belief, Defendant John Doe No. 6 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contract of, or an agent of the CCDOC and/or Cumberland County Jail.

18.     Upon information and belief, Defendant John Doe No. 7 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contract of, or an agent of the CCDOC and/or Cumberland County Jail.

19.     Upon information and belief, Defendant John Doe No. 8 is a New Jersey resident who was, at all times relevant to this action, employed by, an independent contract of, or an agent of the CCDOC and/or Cumberland County Jail.

20.     Upon information and belief, Defendant John Doe No. 9 is a New Jersey resident who was, at all times relevant to this action, employed by, an

independent contract of, or an agent of the CCDOC and/or Cumberland County Jail.

## JURISDICTION AND VENUE

21.     Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

22.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises pursuant to 42 U.S.C. § 1983 to redress a deprivation of rights, under the color of state law, secured by the First, Eighth, and Fourteenth Amendments of the United States Constitution.

23.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367 by virtue of the fact that these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

24.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events, conduct, and omissions giving rise to the Amended Complaint occurred in the District of New Jersey.

## FACTUAL BACKGROUND

### Plaintiff's Incarceration

25.     Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

26.     Since February 23, 2020, Plaintiff has been in the custody of the CCDOC at the Cumberland County Jail as a pretrial detainee.

27.     Plaintiff currently remains in custody at the Cumberland County Jail.

**COVID-19 Pandemic**

28.     Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

29.     Plaintiff caught COVID-19 while in the Cumberland County Jail in February 2021, which caused Plaintiff to suffer shortness of breath, a cough, digestive upset, and fatigue, among other symptoms.

30.     Defendants have, at all relevant times, continuously ignored and disregarded guidance to slow the spread of COVID-19 at the Cumberland County Jail.

31.     Despite being responsible for the well-being of those incarcerated in the jail, Defendants failed to undertake and/or provide measures such as social distancing, access to testing, regular handwashing, and prompt medical attention.

32.     Defendants deliberately jeopardized the health and safety of Plaintiff by denying him proper medical treatment despite him being exposed to COVID-19 and even after he contracted COVID-19 as a chronic care individual.

33.     Plaintiff was deprived of reasonable safety, a basic human need, which is to be provided to him by Defendants.

34.     Disregarding known, obvious risks of illness, including, but not limited to COVID-19, exposing Plaintiff to COVID-19, and deliberately disregarding Plaintiff's serious, known medical needs violates the Eighth and Fourteenth Amendment rights of Plaintiff.

**Plaintiff's Protected Speech**

35.     Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

36.     On June 26, 2020, Plaintiff and several other individuals filed a class action lawsuit (the "Class Action") as a named representative, individually and on behalf of all others similarly situated, criticizing Cumberland County of New Jersey, CCDOC, and/or the Cumberland County Jail, and its employees, independent contractors, and/or agents for their handling, or lack thereof, of the COVID-19 pandemic and the unsafe conditions presented by COVID-19 throughout the Cumberland County Jail.

37.     On April 21, 2021, Plaintiff testified in the District Court of New Jersey in connection with the Class Action as a named representative and spoke critically of Cumberland County of New Jersey, CCDOC, and/or the Cumberland County Jail, and its employees, independent contractors, and/or agents for their handling, or lack thereof, of the COVID-19 pandemic and the unsafe conditions presented by COVID-19 throughout the Cumberland County Jail.

13

38.    The activities engaged in by Plaintiff in pursuit of the Class Action were constitutionally protected, including under the First Amendment of the United States Constitution and Article I of the New Jersey Constitution.

39.    The First Amendment of the United States Constitution, as made applicable to the State of New Jersey by the Due Process Clause of the Fourteenth Amendment, prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech.

40.    Plaintiff has filed numerous requests for relief and grievances regarding the adverse actions taken against him by Defendants in retaliation as enumerated in the Amended Complaint.

41.    Upon information and belief, Plaintiff has exhausted the remedies available to him, in an attempt to rectify the adverse effects of the retaliatory actions taken against Plaintiff by Defendants as enumerated in the Amended Complaint.

**Retaliatory Conduct & Adverse Effects**

A. **Transfers**

42.    Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

43.    On January 29, 2021, Plaintiff filed a First Amended Class Action Complaint for Declaratory and Injunctive Relief along with his fellow inmates and

named representative, class action plaintiffs, John Clark, Desmond Rodgers, and Todd Ford, Jr., which was critical of Cumberland County of New Jersey, CCDOC, and/or the Cumberland County Jail, and its employees, independent contractors, and/or agents for their handling, or lack thereof, of the COVID-19 pandemic and the unsafe conditions presented by COVID-19 throughout the Cumberland County Jail.

44.     On February 1, 2021, Plaintiff filed an Order to Show Cause in the Class Action case.

45.     On February 26, 2021, Plaintiff filed a written request that the Court appoint an independent neutral to "observe actual conditions within the Jail, speak with the Jail staff and inmates, and report to the Court and make recommendations to the Court" in the Class Action case.

46.     On or around March 1, 2021, upon information and belief, in retaliation for Plaintiff's exercise of his First Amendment rights, which amendment protects an individual's right to initiate a lawsuit, Defendants had Plaintiff transferred out of the "C Pod" unit of the Cumberland County Jail to the "Dorms" section of the Cumberland County Jail.

47.     On April 21, 2021, Plaintiff testified in the District Court of New Jersey in connection with the Class Action as a named representative and spoke critically of Cumberland County of New Jersey, CCDOC, and/or the Cumberland

County Jail, and its employees, independent contractors, and/or agents for their handling, or lack thereof, of the COVID-19 pandemic and the unsafe conditions presented by COVID-19 throughout the Cumberland County Jail.

48.     Upon information and belief, Plaintiff was briefly transferred back to the "C Pod" until of the Cumberland County Jail on June 28, 2021, but was thereafter transferred to the "Dorms" once again on or around July 6, 2021 in retaliation for Plaintiff's continued pursuit of the Class Action, which included continued filings.

49.     The July 6, 2021 transfer was predicated on false accusations and reports filed and false testimony solicited against Plaintiff.

50.     In particular, a false report was written on July 6, 2021, which accused Plaintiff of threatening to throw hot water on all inmates in "C Pod" if he was not permitted to use the telephone.  This report was fabricated as a pretext to once again separate Plaintiff from his fellow class action plaintiffs, John Clark, Desmond Rodgers, and Todd Ford, Jr.

51.     Upon information and belief, Plaintiff remained in the "Dorms" and was separated from his fellow class action plaintiffs from approximately July 8, 2021 until March 4, 2022.

52.     While Plaintiff was transferred to the "Dorms," specifically the B and E "Dorms," Plaintiff's fellow class action plaintiffs, John Clark, Desmond Rodgers, and Todd Ford, Jr., remained housed in the "C Pod."

53.     As a direct and proximate result of these retaliatory transfers, Plaintiff was severely hindered in his ability to prosecute the Class Action case.  Plaintiff was prevented from meeting, conferring, and strategizing with the other representative plaintiffs regarding their case.

## B. Nutritionally Inadequate Diet

54.     Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

55.     On or around June 26, 2020, Plaintiff filed a Class Action Complaint critical of Cumberland County of New Jersey, the CCDOC, and/or the Cumberland County Jail, and its employees, independent contractors, and/or agents for their handling, or lack thereof, of the COVID-19 pandemic and the unsafe conditions presented by COVID-19 throughout the Cumberland County Jail.

56.     On or around October or November 2020, upon information and belief, in retaliation for Plaintiff's exercise of his First Amendment rights, which amendment protects an individual's right to initiate a lawsuit, Defendants had Plaintiff removed from his restricted, low-sodium diet.

57.     Plaintiff was designated as a detainee who should receive a special, low-sodium diet because of his documented high blood pressure, and Defendants were aware of Plaintiff's medical condition and high blood pressure.

58.     Plaintiff was designated a chronic care patient within the Cumberland County Jail.

59.     Plaintiff received high blood pressure medication while detained at the Cumberland County Jail, with the exception of one day when it was not provided to him despite his requests for his medication, since his arrival on February 23, 2020.

60.     Upon information and belief, since approximately October or November 2020 through the present, Plaintiff has been deprived of his prescribed, low-sodium diet.

61.     Upon information and belief, since approximately October or November 2020, Plaintiff has been receiving and continues to be served inadequate and inappropriate nutritional meals for someone with high blood pressure.

62.     Plaintiff has submitted internal requests for a change to his diet and inquired as to why he is not receiving his prescribed, low-sodium diet; however, Plaintiff has received no explanation.

63.     As a direct and proximate result of this retaliatory deprivation of his prescription, low-sodium diet, Plaintiff has suffered physical harm, including, but not limited to, increased high blood pressure, swelling of the feet, and headaches.

### C. The "Hole" Incident

64.     Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

65.     On April 21, 2021, Plaintiff testified in the District Court of New Jersey in connection with the Class Action as a named representative and spoke critically of Cumberland County of New Jersey, CCDOC, and/or the Cumberland County Jail, and its employees, independent contractors, and/or agents for their handling, or lack thereof, of the COVID-19 pandemic and the unsafe conditions presented by COVID-19 throughout the Cumberland County Jail.

66.     On June 24, 2021, Plaintiff was punished in an excessive manner by being placed in the "hole," a form of solitary confinement, for a period of five days, after covering a camera, in retaliation for his participation in and prosecution of the Class Action, including, but not limited to, the testimony he provided at the end of April 2021.

67.     Plaintiff was placed in the "hole" directly after returning from a court hearing and was no permitted to use the telephone for the five days while he was in solitary confinement.  Therefore, he was unable to communicate with his family

following the court hearing, although they were expecting to hear from him, and was unable to provide them with the updates they were expecting about his safety and status.

68.     Upon information and belief, Plaintiff was unable to leave the "hole," except for an extremely limited period each day while he was confined there. During that limited time period, Plaintiff was only permitted to shower and walk about the small shower area.

69.     As a direct and proximate result of this retaliatory isolation in the "hole," for a minor infraction, Plaintiff has suffered emotional harm, including, but not limited to, severe anxiety and fear.

### D. Denial of Adequate Medical Care

70.     Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

71.     In retaliation for his participation in and prosecution of the Class Action, including, but not limited to, the testimony he provided at the end of April 2021, Defendants have deprived Plaintiff of regular, medical "check-ups" for a period of approximately eight months to a year.

72.     Between approximately February 2021 and February or March 2022, Defendants did not provide regular, medical "check-ups" and dental visits for Plaintiff.

73.     Upon information and belief, Plaintiff is supposed to receive a check-up every 90 days, and have bloodwork taken and receive an EKG approximately every six months, because he is a chronic care patient.

74.     Defendants did not perform any bloodwork on Plaintiff for approximately one year, and did not provide Plaintiff with an EKG since approximately June 2020, when Plaintiff first instituted the Class Action.

75.     Although Defendants were aware Plaintiff suffered from an infected tooth, they also did not allow Plaintiff to see a dentist from approximately June 2021 until February 2022.

76.     Plaintiff has submitted internal requests for medical and dental visits, and inquired as to why he was not receiving these visits and the accompanying testing; however, Plaintiff has received no explanation.

77.     As a direct and proximate result of this retaliatory deprivation of adequate medical care, Plaintiff has suffered physical harm, including, but not limited to, increased high blood pressure, increased sugar in the blood (pre-diabetic/diabetic symptoms), swelling of the feet, and headaches, as well as emotional harm, including, but not limited to, severe anxiety and fear.

<u>**COUNT ONE**</u>
**42 U.S.C. § 1983**
**(Unlawful Retaliation in Violation of Plaintiff's First Amendment Rights)**
**(Against all Defendants)**

78.   Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

79.   42 U.S.C. § 1983 makes it unlawful for any person acting under color of state law to deprive any individual of "any rights, privileges, or immunities secured by the Constitution and laws. . . ."

80.   Through the conduct described above, some or all of the Defendants, upon information and belief, attempted to deter and hinder Plaintiff from exercising his constitutional First Amendment rights by: (1) preventing Plaintiff from meeting and conferring with the other representative plaintiffs in the Class Action; (2) intentionally failing to provide him a nutritional diet as required due to his specific, known health needs as a chronic care inmate prescribed a low sodium diet to combat his high blood pressure, which resulted in Plaintiff suffering increased high blood pressure, swelling of the feet, and headaches; (3) excessively punishing Plaintiff and isolating him in the process by placing him in the "hole" for approximately one week, for a minor infraction; and (4) denying Plaintiff adequate medical care.  Upon information and belief these adverse, retaliatory actions were taken by some or all of the Defendants against Plaintiff as a form of punishment to prevent or intimidate Plaintiff from further pursuing the Class

Action and/or to suppress his right to complain about his treatment through the grievance system.

81.    Some or all of the Defendants were responsible for adverse actions directed against Plaintiff "sufficient to deter a person of ordinary firmness" from exercising his constitutional rights.

82.    At all relevant times, Defendants were acting under color of state law.

83.    Upon information and belief, there was an official custom of retaliation in place at the CCDOC and/or Cumberland County Jail to punish inmates and/or detainees, such as Plaintiff, who use their First Amendment rights to speak out against the CCDOC and/or Cumberland County Jail.

84.    The protected activity was a substantial and motivating factor in the state actor's decision to take adverse actions against Plaintiff.

85.    The actions taken by the Defendants did not reasonably advance a legitimate correctional goal.

86.    As a direct and proximate result of Defendants' violation of his rights, Plaintiff suffered physical injury as a result of the retaliatory withholding of a nutritionally sufficient diet that met his specific, known health needs as a chronic care inmate prescribed a low sodium diet to combat his high blood pressure.

87.    As a direct and proximate result of Defendants' violation of his rights, Plaintiff further suffered emotional harm, including, but not limited to, significant

fear, upset, and anxiety as a result of the retaliatory actions taken against him by Defendants as described herein.

88.     As a direct and proximate result of Defendants' violation of his rights, Plaintiff further suffered a hindered ability to prosecute the Class Action as a result of the retaliatory actions taken against him by Defendants as described herein.

89.     Therefore, Plaintiff is entitled to all the relief requested below under 42 U.S.C. §§ 1983 and 1988.

90.     As a direct and proximate result of the aforesaid acts and omissions of Defendants, Plaintiff suffered constitutional injury to his detriment, is suffering irreparable injury, and remains at a substantial risk of serious harm in the future. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants named in this Count jointly and severally, and that the Court:

**A.** declare the actions and inactions of the Defendants, as described above, violative of Plaintiff's rights under the First Amendment to the United States Constitution and 42 U.S.C. § 1983;

**B.** enjoin Defendants, their officers, agents, employees, and those in active concert or participation with them, from retaliating against Plaintiff or from engaging in such other conduct having a similar purpose or effect;

**C.** award nominal, compensatory and/or consequential, and punitive

damages, to the extent available;

**D.** award reasonable attorneys' fees and costs pursuant to 42 U.S.C. §

1988 and any other applicable law; and

**E.** award such other relief as the Court deems just and proper.

<u>**COUNT TWO**</u>
**42 U.S.C. § 1983**
**(Deliberate Indifference to Serious Medical Need in Violation of Plaintiff's**
**Eighth and  Fourteenth Amendment Rights)**
**(Against all Defendants)**

91.     Plaintiff incorporates each of the foregoing paragraphs as if set forth

fully herein.

92.     Under the Fourteenth Amendment, corrections officials are required

to provide for the reasonable health and safety of persons in pretrial custody.

93.     The standard for providing basic human needs to those incarcerated or

in detention is the same under both the Eighth and Fourteenth Amendments.

94.     As part of this right, the government must provide incarcerated or

detained persons with reasonable safety and address serious medical needs that

arise in jail.

95.     Defendants, acting under color of state law, failed to establish a

COVID-19 policy during this deadly pandemic and as a result created cruel and

unsanitary conditions in various ways that put Plaintiff's life and health at risk in violation of Plaintiff's established constitutional rights.

96.   Defendants knew of and disregarded the serious risks that COVID-19 poses to Plaintiff, especially as a chronic care inmate, including severe illness, permanent physical damage, and death.  These risks were well-established and obvious to Defendants.

97.   Defendants refused to provide necessary medical treatment and prevention measures recommended by federal government agencies such as the CDC based on non-medical, but rather administrative and/or financial, reasons.

98.   At Defendants' direction, the Cumberland County Jail had neither the capacity nor the ability to comply with public health guidelines to prevent an outbreak of COVID-19 and did not provide for the safety of Plaintiff.  Defendants' actions and inactions resulted in violations of Plaintiff's rights to treatment and adequate medical care.

99.   Defendants have subjected Plaintiff to conditions of confinement that increased his risk of contracting COVID-19.  Due to the conditions at the Cumberland County Jail, Plaintiff was unable to take steps to protect himself—such as social distancing or accessing medical attention—and Defendants have failed to provide adequate protections or mitigation measures.  Defendants acted with deliberate indifference towards Plaintiff by failed to adequately safeguard his

health and safety in the midst of a potential outbreak of a contagious, infectious disease.

100.   Despite repeated requests by Plaintiff to institute protective measures, Defendants refused to do so.  Moreover, Defendants failed to adequately provide for testing or monitoring that would properly contain the spread of the COVID-19 virus at and within the Cumberland County Jail.

101.   In light of the obvious and known risks of contracting COVID-19, as well as the long-lasting physical symptoms and complications that have been linked to the virus, including the residual health problems afflicting Plaintiff following his infection with COVID-19, the actions of Defendants can only be described as deliberate indifference to Plaintiff's clearly established constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.  WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants named in this Count jointly and severally, and that the Court:

A. declare the actions and inactions of the Defendants, as described above, violative of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983;

B. enjoin Defendants, their officers, agents, employees, and those in active concert or participation with them, from demonstrating deliberate

indifference to Plaintiff's serious medical needs or from engaging in such other conduct having a similar purpose or effect, and require that the necessary specialized treatment be provided to Plaintiff;

**C.** award nominal, compensatory and/or consequential, and punitive damages, to the extent available;

**D.** award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable law; and

**E.** award such other relief as the Court deems just and proper.

<u>**COUNT THREE**</u>
**New Jersey Constitution**
**Art. I, ¶¶ 6, 12**
**(Against all Defendants)**

102.   Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

103.   Article I, paragraph 6 of the New Jersey Constitution affords Plaintiff the right to free speech.

104.   New Jersey accords a high priority to the preservation of free speech rights.

105.   Article I, paragraph 12 of the New Jersey Constitution affords Plaintiff inmates the right to be free from cruel and unusual punishment.

106.   New Jersey accords a high priority to the preservation of health.Defendants' conduct as aforesaid violated Plaintiff's State Constitutional rights.

107.   As a direct and proximate result of Defendants' unconstitutional actions and omissions, Plaintiff suffered constitutional injury to his detriment, is suffering irreparable injury, and remains at a substantial risk of serious harm in the future. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants named in this Count jointly and severally, and that the Court:

**A.** declare the actions and inactions of the Defendants, as described above, violative of Plaintiff's rights under the United States Constitution and Article I of the New Jersey Constitution;

**B.** enjoin Defendants, their officers, agents, employees, and those in active concert or participation with them, from retaliating against Plaintiff or from engaging in such other conduct having a similar purpose or effect;

**C.** award nominal, compensatory and/or consequential, and punitive damages, to the extent available, including, but not limited to, consequential damages for emotional distress, and those damages available under N.J.S.A. 10:6-2;

**D.** award reasonable attorneys' fees and costs pursuant to N.J.S.A.

10:6-2 and/or 42 U.S.C. § 1988; and

**E.** award such other relief as the Court deems just and proper.

**COUNT FOUR**
**Intentional Infliction of Emotional Distress**
**(Against all Defendants)**

108.   Plaintiff incorporates each of the foregoing paragraphs as if set forth

fully herein.

109.   Through their intentional or reckless conduct described above, some

or all of the Defendants caused Plaintiff severe emotional distress.

110.   Upon information and belief, the conduct of some or all of the

Defendants described above is extreme and outrageous beyond all bounds of

decency.

111.   The conduct of some or all of the Defendants complained of was the

proximate cause of the emotional distress suffered by Plaintiff.

112.   WHEREFORE, Plaintiff respectfully requests that the Court enter

judgment in his favor and against Defendants named in this Count jointly and

severally, and that the Court:

**A.** award nominal, compensatory, and punitive damages, to the extent

available;

**B.** award reasonable attorneys' fees and costs; and

**C.** award such other relief as the Court deems just and proper.

## COUNT FIVE
### Negligent Infliction of Emotional Distress
### (Against all Defendants)

113.   Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

114.   Through their negligent conduct described above, some or all of the Defendants caused Plaintiff severe emotional distress.

115.   Defendants owed and still owe Plaintiff a reasonable duty of care. Indeed, the United States and New Jersey Constitutions require prison officials to satisfy inmates' basic human needs, such as food/nutritional needs and reasonable safety.

116.   The conduct of some or all of the Defendants complained of constitutes a breach of this duty and was the proximate cause of the emotional distress suffered by Plaintiff.

117.   WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants named in this Count jointly and severally, and that the Court:

**A.** award nominal, compensatory, and punitive damages, to the extent available;

**B.** award reasonable attorneys' fees and costs; and

**C.** award such other relief as the Court deems just and proper.

## COUNT SIX
## 42 U.S.C. § 1983
## (*Monell* Liability)

118.   Plaintiff incorporates each of the foregoing paragraphs as if set forth fully herein.

119.   Defendant, Cumberland County New Jersey ("the County"), through the CCDOC, employs or employed all of the individually-named Defendants identified in Counts One through Five.

120.   The County had final policymaking authority with regard to establishing policies and procedures governing the conduct of the County employees performing correctional functions on behalf of the County.

121.   The County established and/or approved of the CCDOC's policies and procedures governing the conduct of employees performing correctional functions. This includes, but is not limited to, the policy, or lack thereof, regarding the health and safety of inmates and detainees during the COVID-19 pandemic.

122.   The policies and procedures established and/or approved of by the County constituted the County's official policy, and was the moving force that proximately caused Plaintiff's injuries and the deprivation of his constitutional rights.

123.   The County had knowledge of the CCDOC's unconstitutional patterns and practices, including the pattern and practice of retaliation against inmates using their free speech rights to speak out against the County, CCDOC, Cumberland County Jail, and/or any of its employees, independent contractors, and/or agents, with regards to their handling, or lack thereof, of COVID-19, among other topics. The County also had knowledge that the same gave rise to a risk of violations of Plaintiff's constitutional rights.

124.   There are numerous cases similar to this one that have been filed in this District regarding the County's unlawful patterns and practices.

125.   As early as April 2020, the risks of COVID-19 were well-known and obvious, and the virus was demonstrably contagious.  It is well-known that COVID-19 spread easily and rapidly among large populations in confined areas, such as in a jail.

126.   The County made a deliberate and/or conscious decision to disregard the known risk of harm that would result from the CCDOC's unconstitutional policies and practices, and was deliberately indifferent to and/or tacitly authorized the same.

127.   On or prior to July 2020, the County, with deliberate indifference to the rights of detainees, inmates, and the like, tolerated, permitted, failed to correct, promoted, and/or ratified a number of customs, patterns, or practices that condoned

and/or required Wardens and other employees (such as and including, but not limited to, the Cumberland County Jail's Medical Director) to turn a blind eye to and to not intervene with, the lack of precautionary measures in CCDOC.

128.   On or prior to July 2020, the County, with deliberate indifference to the rights of detainees, inmates, and the like, tolerated, permitted, failed to correct, promoted, and/or ratified a number of customs, patterns, or practices that not only failed to address, but in fact exacerbated, the spread of COVID-19 at the Cumberland County Jail.

129.   This participation by the County caused the individually-named Wardens and Medical Director to act with reckless disregard of and deliberate indifference to the health, safety, and well-being of the detainees, inmates, and the like, including Plaintiff.

130.   The unconstitutional policies, practices, and customs described herein were a proximate cause of Plaintiff's infection with COVID-19, the retaliatory actions taken against Plaintiff, and his resulting physical and emotional injuries. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants named in this Count jointly and severally, and that the Court:

   **A.** award nominal, compensatory, and punitive damages, to the extent available;

**B.** award reasonable attorneys' fees and costs; and

**C.** award such other relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all claims that can be so tried.

DATED: April 29, 2022

*/s/ Abigail M. Luhn*
Abigail M. Luhn
Jack N. Frost, Jr.
FAEGRE DRINKER BIDDLE &
REATH LLP
600 Campus Drive
Florham Park, NJ 07932

Heather C. Giordanella
FAEGRE DRINKER BIDDLE &
REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996

*Court-Appointed Pro Bono Counsel
for Plaintiff Raymond Lamar Brown*